UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JACQULINE SHERMAN,** | () |
| | () |
| Plaintiff, | () |
| | () Civil Action File No: _____ |
| vs. | () |
| | () |
| **CITY OF FORT VALLEY, FORT VALLEY POLICE DEPARTMENT, LAWRENCE Z. SPURGEON, DIRECTOR OF PUBLIC SAFETY FOR FORT VALLEY POLICE DEPARTMENT, OFFICER HARRIS, and OFFICER MOORE,** | () |
| | () |
| **All in their individual and official capacities** | () |
| **Defendants.** | () |

## COMPLAINT

**COMES NOW,** Plaintiff Jacquline Sherman, in the above captioned case, and states her claims against the Fort Valley Police Department, the City of Fort Valley, Director Lawrence Z. Spurgeon, Sergeant Harris, and Officer Moore, all in their official and individual capacities, and in support thereof shows this Court as follows:

### PARTIES

1. The Plaintiff, Jacquline Sherman, is a resident of Peach County, Georgia which is in the Middle District, Macon Division and was a resident of the Middle District, Macon Division, at the time of all incidents complained hereto.

2. The Defendant City of Fort Valley is a municipal corporation created and authorized under the Laws of the State of Georgia. Defendant City of Fort Valley is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement.

City of Fort Valley assumes the risks incidental to the maintenance and management of the police department and employment of all personnel thereto as said risk attaches to the public consumers of services provided. At all times relevant hereto, Defendant City of Fort Valley was the employer of its police chief, police officers and all law enforcement personnel named herein as defendants.

3. The Defendant City of Fort Valley may be served by and through its duly elected mayor, Barbara Williams, Fort Valley City Hall, 204 West Church Street, Fort Valley, Georgia 31030.

4. Defendant Fort Valley Police Department is a duly organized police department under the statutes, charter, ordinances, customs and usages of the State of Georgia and City of Fort Valley. Defendant Fort Valley Police Department may be served through by and through its Director of Public Safety, Lawrence Z. Spurgeon, at 200 West Church Street, Fort Valley, Georgia 31030.

5. Defendant Lawrence Z. Spurgeon, Director of Public Safety for the Fort Valley Police Department, is a resident and citizen of the State of Georgia and may be served at 200 West Church Street, Fort Valley, Georgia 31030.

6. At all times relevant hereto, Lawrence Z. Spurgeon ,was the Director of Public Safety of the Fort Valley Police Department and an employee of the City of Fort Valley, and was responsible for the operation of the Fort Valley Police Department.

7. Defendant Sergeant Harris is a resident and citizen of the State of Georgia.

8. At all times relevant hereto, Defendant Sergeant Harris was acting under the color of law and within his scope of employment as an officer, employee and agent of the City of Fort Valley and Fort Valley Police Department.

9.     Defendant Officer Moore is a resident and citizen of the State of Georgia.

10.    At all times relevant hereto, Defendant Officer Moore was acting under the color of law and within his scope of employment as an officer, employee and agent of the City of Fort Valley and Fort Valley Police Department.

## JURISDICTION AND VENUE

11.    The Plaintiff incorporates paragraphs one through ten herein for all purposes.

12.    The Plaintiff is a citizen of the State of Georgia and the United States of America and is entitled to Damages under Georgia law and the Civil Rights Act of 1871 and 1864, as amended, 42 U.S.C. § 1983, and to vindicate rights secured to the Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  This Court has jurisdiction under 28 U.S.C. § § 1331 and 1343 (a) (3), (4).  The Court's supplemental jurisdiction is invoked for claims arising under Georgia Law.

13.    Venue is proper in this Court under 28 U.S.C. § 1391 in that all Defendants to this action reside in the Middle District of Georgia and the Macon Division.  Furthermore, the causes of action complained of in this Complaint arose in the Macon Division of the Middle District of Georgia.

## STATEMENT OF FACTS

14.    The Plaintiff incorporates paragraphs one through thirteen herein for all purposes.

15.    The Plaintiff was convicted in the Municipal Court of the City of Fort Valley on or about January 24, 2012 for obstructing an officer.

16.    The Plaintiff then obtained a Writ of Certiorari in the Superior Court of Peach County, Georgia, dated February 22, 2012, appealing said January 24, 2012 conviction.

17.    Plaintiff's Writ of Certiorari was personally served on the Honorable Cynthia

Adams, Judge of the Municipal Court of Fort Valley, Georgia on February 23, 2012.

18. Plaintiff's Writ of Certiorari was personally served on the Mayor John Stumbo, Mayor of Fort Valley, Georgia on February 24, 2012.

19. The Judge of the Municipal Court of Fort Valley, Mayor of Fort Valley, nor the City of Fort Valley has filed any response or answer to said Writ of Certiorari.

20. Pursuant to O.C.G.A. § 5-4-20(c), the Plaintiff's Writ of Certiorari issued February 22, 2012 operated as a supersedeas, "suspend[ing] the judgment of conviction until the case is finally heard and determined by the superior court to which it is taken by certiorari."

21. At some point, a bench warrant was issued against the Plaintiff for failing to pay the fine associated with said January 24, 2012 conviction.

22. Then, on or about June 9, 2012, the Plaintiff, while attending the annual Georgia Peach Festival in Fort Valley, Georgia, was illegally arrested by Sargeant Harris, together with other unknown officers, of the Fort Valley Police Department, acting under the color of law on the aforementioned invalid bench warrant.

23. The Plaintiff was then taken, booked and processed at the Fort Valley Police Department where she was detained until such time as she was able to post an $872.00 cash bond in U. S. Currency.

24. To date, no money has been returned to the Plaintiff.

25. As of June, 9, 2012, Plaintiff's supersedeas was still in effect as the matter had yet to be heard by the Superior Court of Peach County.

26. Therefore, the bench warrant upon which the Plaintiff was arrested was not valid.

27. The Defendant City of Fort Valley was duly and properly notified in writing of the Plaintiff's claims on or about December 3, 2012, as provided for by Georgia Law,

specifically O.C.G.A. § 36-33-5.

## COUNT ONE
## VIOLATION OF CIVIL RIGHTS

28. Paragraphs one though twenty-seven are incorporated herein for all purposes.

29. As a direct and proximate result of the Defendants' actions, the Plaintiff has suffered serious damages through the false arrest, illegal detention, false imprisonment and unlawful deprivation of liberty without due process of law all in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and Georgia statutory and case law, for which the Plaintiff is entitled to damages and attorney's fees and costs of litigation.

30. These acts were in violation of 42 U.S.C. § § 1983 and 1985.

## COUNT TWO
## FALSE IMPRISONMENT

31. Paragraphs one though thirty are incorporated herein for all purposes.

32. The actions by the Defendants constituted false imprisonment of the Plaintiff as prohibited by Georgia Law, O.C.G.A. § 51-7-20.  Defendants acted purposefully and with malice and intent to injure by unlawfully restraining Plaintiff and thereby unlawfully deprived her of liberty and personal freedom.

## COUNT THREE
## EXTORTION

33. Paragraphs one through thirty-two are incorporated herein for all purposes.

34. The actions by the Defendants constituted extortion pursuant to O.C.G.A. § 16-8-16. Defendants acted purposefully and with malice and intent to injure by unlawfully extorting Plaintiff's property in the form of U.S. Currency for her release from false arrest and false imprisonment.

## COUNT FOUR
## EMOTIONAL DISTRESS

35. Paragraphs one through thirty-four are incorporated herein for all purposes.

36. Defendants acted purposefully, negligently and with malice and intent to injure by unlawfully denying Plaintiff her statutory and constitutional rights, causing Plaintiff severe emotional distress to which she seeks relief pursuant to O.C.G.A. § 51-12-6.

**WHEREFORE,** the Plaintiff prays for a Judgment as follows:

(A) That process and service issue as provided by law;

(B) That the Court empanel a jury to try this action;

(C) That this Court award the Plaintiff special damages, in the amount as plead and further proved at trial;

(D) That this Court award the Plaintiff all general damages in an amount to be determined by the enlightened conscience of a jury;

(E) That the Court award the Plaintiff nominal damages for violations of the Plaintiff's constitutional rights in an amount to be determined by the enlightened conscience of a jury;

(F) That the Court award the Plaintiff punitive damages for Defendants' malicious, willful and wanton actions done in reckless disregard of the Plaintiff's rights in an amount to be determined by the enlightened conscience of a jury;

(G) That the Plaintiff recover attorney's fees and expenses of litigation for prosecution of this action pursuant to 42 U.S.C. § 1988 and any other applicable provision of law; and

(H) For such other and further relief as this Court deems just and proper.

Respectfully submitted.

/s/ Becky Wilcox_____
Becky Wilcox
Georgia Bar No.: 144382
Attorney for Plaintiff

P.O. Box 303
Byron, GA  31008
(478) 257-6100
(478) 257-6105 fax
Becky.wilcox@ymail.com