**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **JACQUELINE SHERMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:14-CV-216 (MTT)** |
| | ) | |
| **CITY OF FORT VALLEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

The Defendants have moved for summary judgment.  (Doc. 13).  The Defendants

include the Fort Valley Police Department, the City of Fort Valley, Officer Rod Harris,

and Chief Spurgeon.[1]  For the reasons stated below, the motion is **GRANTED**.

## I.    BACKGROUND[2]

In October of 2011, Plaintiff Jacqueline Sherman was arrested for "misdemeanor

obstruction or hindering of a law enforcement officer," and she was then found guilty on

January 24, 2012, and sentenced to twelve months of probation.  (Docs. 13-1, ¶¶ 1-2;

13-3 at 9:2-5,16:13-20, 22:10-18; 13-6).  To appeal of her conviction, her attorney filed a

---

[1] The Plaintiff has also sued Officer Moore but makes no specific allegations in her complaint or provides any evidence with respect to an Officer Moore.  In the Defendants' answer to the complaint, they state that there was no employee by the name of Officer Moore for the City of Fort Valley at the time of the subject incident, and thus Officer Moore should be dismissed for lack of service and insufficiency of process.  The Plaintiff has failed to provide proof of service upon an Officer Moore and otherwise does not contest that an Officer Moore was never served.  Accordingly, the Plaintiff's claims against Officer Moore are **DISMISSED** for lack of service.

[2] Relevant to the present case, Local Rule 56 provides that "[a]ll material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate."  Sherman did not respond to the Defendants' statement of material facts.  Accordingly, the facts contained in the Defendants' statement are deemed admitted.

Petition for a Writ of Certiorari in the Superior Court of Peach County.   (Doc. 13-3 at 24:1-26:8, 52-53).   The clerk of the superior court then issued a writ of certiorari, and a judge entered an "Order Sanctioning Petition for Certiorari and Directing Service."   (Doc. 13-3 at 55, 57).   This writ suspends a judgment of conviction until the case is heard in the appropriate superior court.   O.C.G.A. § 5-4-20(c).   In applying for the writ, a party must also pay the required bond or file an affidavit of indigence.   O.C.G.A. § 5-4-5(a).   However, because she failed to respond to the statement of material facts, Sherman admits she never paid a "supersedeas bond" and never filed an affidavit of indigence with her application for a writ of certiorari.   (Docs. 13-1, ¶ 7; 13-5, ¶¶ 3-4).

Sherman never reported to probation, and as a result, the probation supervisor, who is not a named Defendant, obtained a warrant for her arrest.   (Doc. 13-6 at 11-13). Defendant Officer Rod Harris knew from a police database there was a warrant out for Sherman's arrest for her failure to report to probation.   (Doc. 13-4, ¶¶ 5-6).   Harris saw Sherman at a local festival, informed her about the warrant, and escorted her to the police station without handcuffs.   (Docs. 13-3 at 29:10-22, 31:11-33:10; 13-4, ¶¶ 12-14). Harris states in his affidavit that Sherman never told him she had appealed her conviction.   (Doc. 13-4, ¶ 15).   Harris verified the warrant at the police station and placed Sherman under arrest.   (Doc. 13-4, ¶ 16).   Sherman then filed a lawsuit asserting § 1983 claims for "false arrest, illegal detention, false imprisonment[,] and unlawful deprivation of liberty of due process of law" and state law claims for false imprisonment, extortion, and emotional distress against the Fort Valley Police

Department, the City of Fort Valley, and Officer Harris and Chief Spurgeon[3] in their individual and official capacities.

## II.   DISCUSSION

### A.   Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is not genuine unless, based on the evidence presented, "'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The movant may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

The burden then shifts to the non-moving party, who must rebut the movant's showing "by producing … relevant and admissible evidence beyond the pleadings." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  The non-moving party does not satisfy its burden "if the rebuttal evidence 'is merely colorable, or is not significantly

---

[3] In her deposition, Sherman admits that Chief Spurgeon was not personally involved with her arrest in June 2012.  (Doc. 13-3 at 16:17-25).  Spurgeon and Harris state in their respective affidavits that they had no involvement with Sherman's initial arrest for obstruction in October 2011, and because she failed to respond to the Defendants' statement of material facts, Sherman admits to the same.  (Docs. 13-4; 13-6).

probative' of a disputed fact." *Id.* (quoting *Anderson*, 477 U.S. at 249-50).  Further, where a party fails to address another party's assertion of fact as required by Fed. R. Civ. P. 56(c), the Court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2).  However, "credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. … The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson*, 477 U.S. at 255.

### B.    Analysis

The Fort Valley Police Department is entitled to summary judgment on the federal claims against it because it is not a legal entity capable of being sued under either federal or Georgia law.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Bunyon v. Burke Cnty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003) (citing *Georgia Insurers Insolvency Pool v. Elbert Cnty.*, 258 Ga. 317, 368 S.E.2d 500, 502 (1988) and *Shelby v. City Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984)).  Chief Spurgeon and Officer Harris in their official capacities are also entitled to summary judgment on the federal claims against them because claims against municipal officers in their official capacities are redundant of the claims against the municipality—in this case, the City of Fort Valley.  *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A] plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.").

Officer Harris and Chief Spurgeon in their individual capacities and the City of Fort Valley argue they are entitled to summary judgment on the § 1983 claims because

Sherman's constitutional rights were not violated.  A plaintiff must have suffered a constitutional violation for a defendant to be liable pursuant to § 1983.  *See* 42 U.S.C. § 1983.  Sherman's § 1983 claims stem from her allegation she was unconstitutionally arrested pursuant to an invalid warrant because the writ of certiorari had suspended her judgment of conviction.  (Doc. 1, ¶¶ 20-22).  In response to the Defendants' motion, Sherman filed a "consent to Defendants' motion for summary judgment."  (Doc. 15).  Sherman "consents" because she "learned through discovery that one of the required elements of her Petition for Writ of Certiorari was not met as required by law thus making her Writ of Certiorari void."  (Doc. 15).  She makes no other argument or statement in her response.

Because Sherman now concedes the writ of certiorari was void,[4] she necessarily concedes the judgment of conviction against her had not been suspended.  *See* O.C.G.A. § 5-4-20(c).  Given this concession and the fact Sherman does not assert any other defects with the arrest warrant, there is no evidence she was arrested pursuant to an invalid warrant.  Further, she makes no other argument or provides any evidence that her constitutional rights were violated in any another way during the subject incident.  Thus, there is no evidence to create a genuine issue of fact whether the Defendants violated her constitutional rights to support a § 1983 claim for false arrest, false imprisonment, illegal detention, or unlawful deprivation of liberty without due process.[5]  Accordingly, Officer Harris and Chief Spurgeon in their individual capacities

---

[4] As discussed, because she failed to respond to the statement of material facts, Sherman admits she failed to pay the required bond or file an affidavit of indigence, thus voiding the writ.  *See Duty Free Air & Ship Supply, Inc. v. Atlanta Duty Free, LLC*, 275 Ga. App. 381, 383, 620 S.E.2d 616, 618 (2005).

[5] As the Defendants correctly point out, where a plaintiff has allegedly been arrested pursuant to a warrant, the only cognizable § 1983 claim is for malicious prosecution, not false arrest.  *See Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014).  However, Sherman has failed to create a genuine issue of

and the City of Fort Valley are entitled to summary judgment on the § 1983 claims against them.  *See Rooney v. Watson*, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[A]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred.").  The Court declines to exercise jurisdiction over Sherman's remaining state law claims.  *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004); *Garcia v. Miami Beach Police Dep't*, 336 F. App'x 858, 860 (11th Cir. 2009).

### III.    CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment is **GRANTED**.  (Doc. 13).

**SO ORDERED**, this 2nd day of September, 2015.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

fact that any Defendants should be held liable for malicious prosecution because, again, Sherman concedes the writ of certiorari was void and otherwise provides no evidence she was arrested pursuant to an invalid warrant.  *Cf. id* at 907 ("[A]n officer's liability for malicious prosecution flows from initially securing an invalid warrant, and liability extends to foreseeable injuries related to subsequent seizure, detention, and prosecution.").  Indeed, Sherman admits the probation supervision, and not any named Defendant, secured the arrest warrant.  (Doc. 13-1, ¶ 8; 13-6, ¶ 6).